UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

RAZOR & TIE DIRECT, LLC and KIDZ BOP,          CIVIL ACTION NO. 08 Civ. 8600(GEL)
LLC,

                              Plaintiffs,

               v.

LIME WIRE LLC, LIME GROUP LLC, MARK
GORTON, GREG BILDSON, and M.J.G. LIME
WIRE FAMILY LIMITED PARTNERSHIP

                              Defendants.

------------------------------------------------------------X


**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO:
(1) CONSOLIDATE WITH CIVIL ACTION 06 CIV 5936 PURSUANT TO FED. R.
CIV. P. 42(a); OR (2) IN THE ALTERNATIVE TO STAY THE PROCEEDING FOR
60 DAYS AFTER DISPOSITION OF DISPOSITIVE MOTIONS IN CIVIL ACTION
06 CIV 5936; OR (3) TO ADJOURN PLAINTIFFS' DEADLINE FOR SUBMISSION
OF EXPERT REPORTS, AND ALL OTHER DEADLINES, PENDING
DETERMINATION OF THIS MOTION, AND AT A MINIMUM, AS
ALTERNATIVE RELIEF, TO ADJOURN PLAINTIFFS' DEADLINE FOR THE
SUBMISSION OF EXPERT REPORTS FOR 60 DAYS AFTER DISPOSITION OF
THIS MOTION, AND SIMILARLY ADJOURN ALL OTHER DEADLINES; AND (4)
FOR SUCH OTHER AND FURTHER RELIEF AS THIS COURT DEEMS PROPER**

**TROUTMAN SANDERS LLP**
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 704-6000
(212) 704-6288

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................... ii

PRELIMINARY STATEMENT ...................................................................................... 1

ARGUMENT ................................................................................................................... 8

I.    THIS CASE SHOULD BE CONSOLIDATED WITH ITS RELATED CASE
     PURSUANT TO FED. R. CIV. P. 42(a) .............................................................. 8

II.   ALTERNATIVELY, THE COURT SHOULD STAY THIS ACTION UNTIL
     RESOLUTION OF THE DISPOSITIVE MOTIONS PENDING IN THE ARISTA
     ACTION ............................................................................................................. 14

III.  ALTERNATIVELY, THE COURT SHOULD ADJOURN PLAINTIFFS' DEADLINE
     FOR THE SUBMISSION OF EXPERT REPORTS BY SIXTY DAYS, AND
     SIMILARLY ADJOURN ALL OTHER DEADLINES.................................... 16

CONCLUSION ............................................................................................................. 17

# TABLE OF AUTHORITIES

## CASES

Page

Agrashell, Inc. v. Bernard Sirotta Co.,
    281 F. Supp. 704 (E.D.N.Y. 1968) ..............................................................9

Am. S.S. Owners Mutual Prot. & Indemnity Ass'n v. Lafarge N. Am., Inc.,
    474 F. Supp. 2d 474 (S.D.N.Y. 2007)........................................................14

Consorti v. Armstrong World Indus.,
    72 F.3d 1003 (2d Cir. 1995)........................................................................8

Curtis v. Citibank, N.A.,
    226 F.3d 133 (2d Cir. 2000)......................................................................14

Evenglory Co. v. Shaw Creations, Inc.,
    No. 07 Civ 9361, 2008 U.S. Dist. LEXIS 20488 (S.D.N.Y. Mar. 14, 2008)...............8

Faigenbaum Machinery, Inc. v. Scott & Williams, Inc.,
    344 F. Supp. 1267 (S.D.N.Y. 1972)...........................................................12

GTFM, Inc. v. Park,
    No. 02-7020, 2002 U.S. Dist. LEXIS 24793 (S.D.N.Y. Dec. 27, 2002) .....................14

Hilti Aktiengesellschaft v. Milwaukee Electric Tool Corp.,
    No. 04 Civ. 629, 2004 U.S. Dist. LEXIS 16373 (E.D.N.Y. July 19, 2004) .... 11, 13-14

Internet Law Library, Inc. v. Southridge Capital Management, LLC,
    208 F.R.D. 59 (S.D.N.Y. 2002) .................................................................11

Johnson v. Celotex Corp.,
    899 F.2d 1281 (2d Cir. 1990)......................................................................8

Kappel v. Comfort,
    914 F. Supp. 1056 (S.D.N.Y. 1996)...........................................................14

Landis v. North American Co.,
    299 U.S. 248, 57 S. Ct. 163 (1936)............................................................14

Ovadia v. Top Ten Jewelry Corp.,
    No. 04 Civ. 2690, 2005 U.S. Dist. LEXIS 10966 (S.D.N.Y. June 3, 2005)............9, 12

Prince of Peace Enterprises, Inc. v. Top Quality Food Market, LLC,
    No. 07 Civ. 349, 2007 U.S. Dist. LEXIS 59239 (S.D.N.Y. Aug. 10, 2007) .................9

Raibler v. Dentsplvn Intern., Inc.,
    No. 99-0743, 1999 U.S. Dist. LEXIS 7715 (S.D.N.Y. 1999)......................................11

State of Ohio v. Louis Trauth Dairy, Inc.,
    163 F.R.D. 500 (S. D. Ohio 1995).............................................................................10

TBC Consoles, Inc. v. Forecast Controls, Inc.,
    No. 05 Civ. 2756, 2008 U.S. Dist. LEXIS 64659 (S.D.N.Y. Aug. 21, 2008) ..............9

Wyndham Associate v. Bintliff,
    398 F.2d 614 (2d Cir. 1968)......................................................................................11

## DOCKETED CASES

Arista Records LLC v. Lime Wire LLC, Civil Action No. 06 Civ. 5936.................. passim

Lieber v. Consumer Empowerment, CV-01-9923 ...............................................................7

Metro-Goldwyn-Mayer v. Groskster CV-01-8541 ............................................................. 7

## FEDERAL STATUTES

Fed. R. Civ. P. 42(a) ....................................................................................................1, 7

Plaintiffs Razor & Tie Direct, LLC ("Razor & Tie") and Kidz Bop, LLC ("Kidz Bop") (collectively referred to herein as "Plaintiffs" or "Razor & Tie"), by their counsel, respectfully submit this memorandum of law in support of their motion for an order (i) pursuant to Fed. R. Civ. P. 42(a) consolidating this case, for all purposes, with Arista Records LLC v. Lime Wire LLC, , Civil Action No. 06 Civ. 5936 (the "Arista Action"); (ii) in the alternative, staying the case herein until sixty (60) days after the resolution of the dispositive summary judgment motions pending in Arista Records LLC v. Lime Wire LLC, Civil Action No. 06 Civ. 5936; (iii) adjourning Razor & Tie's deadline for the submission of its expert reports (which currently are due on August 1, 2009), and all other deadlines, pending the Court's determination of this motion, as well as granting alternative relief adjourning Razor & Tie's deadline for the submission of its expert reports for sixty (60) days after disposition of this motion, and similarly adjourn all other deadlines; and (iv) for such other and further relief as the Court deems proper.

## PRELIMINARY STATEMENT

The case herein and the Arista Action are the latest battles in the war waged against the systematic copyright infringement undertaken by peer-to-peer file sharing networks (also called "P2P") at the expense of copyright owners. This massive assault on the rights of copyright owners began over ten years ago with Napster's peer-to-peer system, and continues on today due to the blatant disregard that the defendants herein ("LimeWire") have for the rights of copyright owners.

LimeWire's business is the daily massive infringement of copyrighted recordings, a piracy of epic proportions that it has enabled and encouraged. While LimeWire has profited from such piracy to a great degree, owners of copyrights, such as Razor & Tie, have suffered unprecedented losses. One only needs to walk through Times Square and Union Square and see the vacant shells of the former Virgin Megastores to understand the magnitude of the crisis in the

recording industry, caused, in large part, by the massive copyright infringement encouraged and enabled over the last ten years by P2P systems such as Napster, Aimster, Kazaa, Morpheus, Groskster, and now, LimeWire.

LimeWire has been dubbed "the next Napster" by the press because the LimeWire software, networks, and related services make it possible for millions of users in the United States and throughout the world to download and distribute copyrighted material without permission from copyright owners, and without paying for copyrighted materials.  The vast magnitude of the piracy created by Limewire is staggering; over ninety percent of download requests on LimeWire are for infringing music files, and the dominant use of LimeWire is copyright infringement.

On August 4, 2006, in the Arista Action, a coalition of major recording labels sued LimeWire, asserting various claims for secondary copyright infringement, including (1) inducement of copyright infringement; (2) contributory copyright infringement; (3) vicarious copyright infringement; (4) common law copyright infringement of pre-1972 recordings; (5) unfair competition as to pre-1972 recordings; (6) conveyance made with intent to defraud, and (7) unjust enrichment.  See Declaration of Sharon H. Stern, Esq., ¶ 2, Exh. A [Docket Nos. 1, 27-29, and 34] (the Declaration of Sharon H. Stern will hereinafter be referred to as the "Stern Declaration").

Dispositive summary judgment motions were initiated in the Arista Action in July 2008. These extensive omnibus dispositive summary judgment motions were fully briefed by the parties, and submitted in November 2008.  The lengthy and extensive dispositive summary judgment motions submitted by the parties in the Arista Action were sub judice until this Spring, at which point Your Honor's was nominated to the Court of Appeals.  Calendaring issues did not permit Your Honor to reach a decision on the dispositive summary judgment motions in the

Arista Action prior to your nomination, after which, at the conference in this case held before Your Honor on June 5, 2009, the parties were informed by Your Honor that because of the uncertainty of the timing of the confirmation process, Your Honor would not be deciding the dispositive summary judgment motions in the Arista Action. Instead, the Arista Action would be reassigned to another District Judge following Your Honor's nomination, and a decision on the dispositive summary judgment motions in the Arista Action would fall upon that District Judge. Thus, despite these dispositive summary judgment motions having been initiated a year ago, they will not be decided in the foreseeable future due to unexpected and unavoidable events outside of the parties' control. Given this unique factual situation, these dispositive summary judgment motions may not be decided for another year.

Razor & Tie, the plaintiff herein, is an independent record company whose current artists and releases include acclaimed singer/songwriters Dar Williams, Neil Sedaka, and Dion. While Razor & Tie is a well-known and highly regarded independent record company and music publisher, it is undeniably a much smaller company—with much fewer assets, and a much smaller litigation budget—than each and every one of the plaintiffs in the Arista Action. The plaintiffs of the Arista Action represent the titans of the recording industry. Razor & Tie has thus found itself playing the role of David as it battles the Goliath of LimeWire's copyright infringement in this Court.

On October 8, 2008—one month before the dispositive summary judgment motions were fully submitted in the Arista Action—Razor & Tie brought its claims against LimeWire in the Southern District of New York, alleging the same seven claims for secondary copyright infringement that were asserted in the Arista Action. See Stern Decl., ¶ 3, Exh. B [Docket No. 1]. The case was marked as an action related to the Arista Action and assigned to Your Honor.

At that time, Razor & Tie brought its case with the full expectation that the dispositive summary judgment motions in the Arista Action would be decided in the ordinary course.

Because the legal issues in the Arista Action and in the case herein are identical—namely, whether LimeWire is liable for secondary copyright infringement because its system is designed, maintained and marketed so as to induce the massive infringement of copyrights—Razor & Tie expected that were the plaintiffs in the Arista Action to prevail on liability, Razor & Tie would also be able to benefit from that determination and prevail on liability in the case herein. The Arista Action had progressed such that, at the time Razor & Tie initiated its case, Razor & Tie fully expected that liability in the Arista Action would be determined before it became time for Razor & Tie to undertake expensive discovery, such as expert reports. As a result of the dispositive summary judgment motions in the Arista Action remaining sub judice for several months due to calendaring issues, and Your Honor's subsequent nomination to the Court of Appeals, however, the case herein has nearly "caught up" to the Arista Action.

The Court, parties, and witnesses should not be put to the burden and expense of duplicative discovery and duplicative trials involving (1) the same legal issues; (2) the same fact and expert witnesses; (3) the same Defendants; (4) the same Defendants' counsel; (5) the same issues; (6) the same exhibits; (7) the same underlying allegations; (8) the same jurisdiction; and (9) the same assigned judge. Both cases hinge upon a determination as to the same ultimate question—whether LimeWire is liable for secondary copyright infringement because its system is designed, maintained, and marketed so as to induce the massive infringement of copyrights. The identity of the plaintiffs is wholly irrelevant to such a determination.

Duplicative discovery is not in anyone's best interest, especially where—as here—expert witnesses and/or counsel for the parties would have to travel. Because the same issues are at issue in the case herein as in the Arista Action, without consolidation, the parties herein would

incur the great expense of duplicative discovery.  In particular, Razor & Tie may have to hire experts covering areas which were already addressed by expert testimony in the Arista Action, such as, inter <u>alia</u>, (1) a computer sciences expert to determine whether any elements of LimeWire's design and function promote trafficking in unauthorized copyrighted files; (2) a statistical expert to conduct an analysis of the LimeWire network to the proportion of files on the LimeWire network which are copyrighted; (3) a copyright law expert; and (4) a damages expert.

LimeWire, on the other hand, would not face any prejudice if this case were to be consolidated with the Arista Action.  Because the dispositive summary judgment motions have not yet been decided in the Arista Action, and because these motions are unlikely to be decided any time soon, any differences in timing as between the Arista Action and the case herein have been obliterated.  Indeed, LimeWire has no good basis for opposing the instant motion, as consolidation poses a significant financial benefit to LimeWire.  Any potential opposition to this motion by LimeWire is thus based upon its attempts in bad faith to needlessly drive up Razor & Tie's costs.

Further, should these actions not be consolidated, there is a very real risk of inconsistent adjudications, as this proceeding is now likely to proceed to trial before the Arista Action.  This would be an undesirable case of the tail wagging the dog, because the Arista Action involves many more recording industry plaintiffs than the case herein, each of whom is a bigger player in the industry than Razor & Tie.  While the parties in the Arista Action have conducted extensive discovery, resulting in exceedingly thorough and lengthy dispositive summary judgment motions being filed by both parties, this expense could go for naught if the case herein were to proceed to trial before a decision on those motions.

Accordingly, Razor & Tie requests that the action herein be consolidated for all purposes with the Arista Action, thus placing both actions upon the same pre-trial schedule, and consolidating both actions for trial.

Consolidation has been used to promote judicial efficiency in each of the previous P2P litigations, for reasons similar to the reasons that Razor & Tie seeks the relief herein. In those cases, the question at issue was whether the previous P2P systems were liable for secondary copyright infringement because their systems were designed, maintained, and marketed so as to induce the massive infringement of copyrights. Like the case herein and the Arista Action, the identity of the plaintiffs was irrelevant as to the adjudication of their claims. Numerous lawsuits were brought by all types of plaintiffs—including individual songwriters and copyright owners via class action—and these numerous lawsuits were consolidated either upon motion of the parties, sua sponte by the presiding judge, or by a Multi District Litigation panel.

For example, in the Napster litigations, a lawsuit brought in the Northern District of California by the Recording Industry Association of America, Inc. (the "RIAA"), on behalf of 18 of its members, that alleged direct and secondary copyright infringement by Napster, was consolidated before Judge Patel in the Northern District of California under the Multi-District Litigation ("MDL") rules of the federal courts with multiple other cases alleging direct and secondary copyright infringement by Napster. See Stern Decl., ¶ 4, Exh. C.

In the Aimster litigations, Aimster initially filed suit against various members of the RIAA in the Northern District of New York for a declaratory judgment that it was not secondarily liable for copyright infringement by users of its service on April 20, 2001. One month later, various members of the RIAA filed lawsuits alleging secondary copyright infringement lawsuits against BuddyUSA and AbovePeer (the corporate entities that owned Aimster) and against Aimster's principal, Johnny Deep, in the Southern District of New York.

Beginning the next month, actions were commenced in the Southern District of New York, the
Central District of California, the Middle District of Tennessee, and the Southern District of
Florida. On November 16, 2001, the MDL Panel consolidated all of the cases alleging claims of
secondary copyright infringement against Aimster, and transferred them all to the Northern
District of Illinois, finding that consolidation "serve[d] the convenience of the parties and
witnesses and promote[d] the just and efficient conduct of [the Aimster litigation]." See Stern
Decl., ¶ 5, Exh. D.

Further, in the Groskter litigation (which involved three peer-to-peer systems: Grokster,
Morpheus, and Kazaa), two actions were filed in the Central District of California against the
three infringing systems, alleging claims of secondary copyright infringement. In Metro-
Goldwyn-Mayer v. Groskster CV-01-8541, plaintiffs were organizations in the motion picture
and music recording industries, while in Lieber v. Consumer Empowerment, CV-01-9923,
plaintiffs were professional songwriters and music publishers bringing a class action against the
same defendants. The cases were consolidated for discovery and pretrial purposes in the Central
District of California. See Stern Decl., ¶ 6, Exh. E.

As in the previous P2P litigations, all of the secondary infringement claims against
LimeWire should be jointly consolidated. Razor & Tie now petitions this court for such relief,
namely, for an order (i) pursuant to Fed. R. Civ. P. 42(a) consolidating this case, for all purposes,
with Arista Records LLC v. Lime Wire LLC, , Civil Action No. 06 Civ. 5936 (the "Arista
Action"); (ii) in the alternative, staying the case herein until sixty (60) days after the resolution of
the dispositive summary judgment motions pending in Arista Records LLC v. Lime Wire LLC,
Civil Action No. 06 Civ. 5936; (iii) adjourning Razor & Tie's deadline for the submission of its
expert reports (which currently are due on August 1, 2009), and all other deadlines, pending the
Court's determination of this motion, as well as granting alternative relief adjourning Razor &

Tie's deadline for the submission of its expert reports for sixty (60) days after disposition of this motion, and similarly adjourn all other deadlines; and (iv) for such other and further relief as the Court deems proper.

## ARGUMENT

### I.    THIS CASE SHOULD BE CONSOLIDATED WITH ITS RELATED CASE PURSUANT TO FED. R. CIV. P. 42(a)

Rule 42 of the Federal Rules of Civil Procedure authorizes, for actions involving "a common question of law or fact", consolidation of the actions "for hearing or trial any or all matters at issue in the actions." Fed. R. Civ. P. 42(a). Consolidation is "a powerful tool to expedite litigation by drawing together separate actions involving common legal or factual questions...mak[ing] possible the streamlined processing of groups of cases [and] often obviating the need for multiple lawsuits and trials." 8-42 Moore's Federal Practice – Civil § 42.10. Thus, "considerations of judicial economy favor consolidation". Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir. 1990).

Consolidation is an especially valuable tool because it is "capable of producing, with efficiency and greatly reduced expense for all parties, a fairer, more rational, and evenhanded delivery of justice." See Consorti v. Armstrong World Indus., 72 F.3d 1003, 1007 (2d Cir. 1995) (emphasis added). In particular, consolidation improves the administration of justice by reducing inconsistent verdicts. Id.

Consolidation is regularly used to consolidate actions involving the infringement of copyrights, trademarks, and patents. See Evenglory Co. v. Shaw Creations, Inc., Docket No. 07 Civ. 9361, 2008 U.S. Dist. LEXIS 20488 (S.D.N.Y. Mar. 14, 2008) (two actions consolidated where affirmative claims for goods sold and delivered were the same, counterclaims for unauthorized use of copyrighted artwork were the same, defendants were the same, and counsel

-8-

for plaintiffs in both actions was the same); <u>Prince of Peace Enterprises, Inc. v. Top Quality Food Mkt., LLC</u>, Docket No. 07 Civ. 349, 2007 U.S. Dist. LEXIS 59239 (S.D.N.Y. Aug. 10, 2007) (two actions consolidated sua sponte where complaints alleged nearly identical trademark infringements, and where many of the same parties were involved in both actions); <u>TBC Consoles, Inc. v. Forecast Controls, Inc.</u>, Docket No. 05 Civ. 2756, 2008 U.S. Dist. LEXIS 64659 (S.D.N.Y. Aug. 21, 2008) (two actions consolidated where both actions involved related patents, overlapping legal claims, and common facts).

The Second Circuit has established that, when determining whether to consolidate, the court must consider:

> [w]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

899 F.2d at 1285. "Consolidation is particularly appropriate where, as in this case, the complaints contain nearly identical allegations, involve many of the same parties, and would not prejudice the [Plaintiffs]." <u>Ovadia v. Top Ten Jewelry Corp.</u>, Docket No. 04 Civ. 2690, 2005 U.S. Dist. LEXIS 10966, at *3 (S.D.N.Y. June 3, 2005) (consolidation of two cases involving alleged patent infringement while summary judgment motion pending in one of the two cases consolidated). Indeed, "[n]o useful purpose is…served by having two cases in which the substantial issues are the same." <u>Agrashell, Inc. v. Bernard Sirotta Co.</u>, 281 F. Supp. 704, 708 (E.D.N.Y. 1968).

The Arista Action and the case herein call for the determination of identical questions of law and fact—namely, whether defendants have perpetrated massive secondary copyright infringement upon the plaintiffs in both actions. The ultimate question at issue in both cases is exactly the same--whether LimeWire is liable for secondary copyright infringement because its

system was designed, maintained, and marketed so as to induce the massive infringement of copyrights. The identity of the plaintiffs is thus irrelevant as to an adjudication of the merits.

Both complaints assert identical legal issues and the same seven claims, namely: (1) inducement of copyright infringement; (2) contributory copyright infringement; (3) vicarious copyright infringement; (4) common law copyright infringement of pre-1972 recordings; (5) unfair competition as to pre-1972 recordings; (6) conveyance made with intent to defraud, and (7) unjust enrichment. See Stern Decl. ¶ ¶ 2 - 3, Exhs. A & B.  In addition, both the case herein and the Arista Action involve (a) the same common factual background; which would be evidenced by (b) the same fact and expert witnesses; and (c) the same exhibits. Both actions are against (d) the same Defendants, who are (e) represented by the same Defendants' counsel. Further, both actions are (f) in the same jurisdiction; and are (g) assigned to the same judge.

Given that the Arista Action and the case herein raise indisputably identical claims, and deal with identical questions of law and fact, there would be a tremendous duplication of effort and waste of resources if the cases went forward separately.  Without consolidation, the substantial overlap of common legal and factual issues concerning liability would result in duplicative discovery, because the same or similar fact and expert witnesses would be deposed in both cases.  See, e.g., State of Ohio v. Louis Trauth Dairy, Inc., 163 F.R.D 500 (S. D. Ohio 1995) (antitrust conspiracy actions consolidated in part because the experts' testimony in both actions would be repetitive).  Such duplicative discovery is not in anyone's best interest, especially where—as here—expert witnesses and/or counsel for the parties would have to travel. Requiring duplication of discovery would substantially increase the cost and inconvenience to the witnesses.  Thus, the interests of efficiency and justice call for the consolidation of this action with the Arista Action for all purposes.

Indeed, LimeWire has no good basis for opposing the instant motion, as it poses a significant financial benefit to LimeWire.  Any potential opposition to this motion by LimeWire is based upon its bad faith attempts to needlessly drive up Razor & Tie's costs.

"The Second Circuit has stated that there is a strong policy favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently, duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided."  Hilti Aktiengesellschaft v. Milwaukee Electric Tool Corp., Docket No. 04 Civ. 629, 2004 U.S. Dist. LEXIS 16373, at * 24-25 (E.D.N.Y. July 19, 2004) (supporting consolidation of patent infringement cases); quoting Raibler v. Dentsplvn Intern., Inc., Docket No. 99-0743, 1999 U. S. Dist LEXIS 7715, at *2 (S.D.N.Y. 1999), quoting Wyndham Assoc. v. Bintliff, 398 F.2d 614, 619 (2d Cir. 1968).

Accordingly, Razor & Tie requests that the action herein be consolidated for all purposes with the Arista Action, thus placing them upon the same pre-trial schedule, and consolidating them for trial.

Defendants cannot reasonably argue that they would be prejudiced by a consolidation of the Arista Action and the action herein.  "[S]hort of cases ready for trial, cases at different stages of litigation are routinely consolidated."  Internet Law Library, Inc. v. Southridge Capital Management, LLC, 208 F.R.D. 59, 62 (S.D.N.Y. 2002).  In this case, the Arista Action is not ready for trial; in fact, the outstanding dispositive summary judgment motions in the Arista Action have allowed the case herein to nearly "catch up" with the Arista Action.

Dispositive summary judgment motions were initiated in the Arista Action in July 2008. These extensive omnibus dispositive summary judgment motions were fully briefed by the parties, and submitted in November 2008.  The lengthy and extensive dispositive summary

judgment motions submitted by the parties in the Arista Action were sub judice until this Spring, at which point Your Honor's was nominated to the Court of Appeals.  Calendaring issues did not permit Your Honor to reach a decision on the dispositive summary judgment motions in the Arista Action prior to your nomination, after which, at the conference in this case held before Your Honor on June 5, 2009, the parties were informed by Your Honor that because of the uncertainty of the timing of the confirmation process, Your Honor would not be deciding the dispositive summary judgment motions in the Arista Action.  Instead, the Arista Action would be reassigned to another District Judge following Your Honor's confirmation, and a decision on the dispositive summary judgment motions in the Arista Action would fall upon that District Judge. Thus, despite these dispositive summary judgment motions having been initiated a year ago, they will not be decided in the foreseeable future due to unexpected and unavoidable events outside of the parties' control.  Given this unique factual situation, these dispositive summary judgment motions may not be decided for another year.  This unique congruence of occurrences has now obliterated the difference in timing, if any, between the Arista Action and the case herein such that if the two cases were now to be consolidated, there would be no delay in the Arista Action.

The fact that the Arista Action has pending dispositive summary judgment motions does not weigh against such a consolidation, see Ovadia v. Top Ten Jewelry Corp., Docket No. 04 Civ. 2690, 2005 U.S. Dist. LEXIS 10966, at *3 (S.D.N.Y. June 3, 2005) (consolidation of two cases involving alleged patent infringement while summary judgment motion pending in one of the two cases consolidated), nor does the fact that fact and expert witness depositions have already taken place in the Arista Action, see, eg, Faigenbaum Machinery, Inc. v. Scott & Williams, Inc., 344 F. Supp. 1267, 1270-71 (S.D.N.Y. 1972) (consolidating three patent infringement actions where there had been "little discovery" in one action because discovery "already concluded in other actions may be made available" in the other actions).

Indeed, "whether one plaintiff in the consolidated action has been more vigorous than the other in prosecuting its claim…has no bearing on the factors which le[a]d to [an] order of consolidation" since discovery already concluded in other actions may be made available in the other action. Id. Thus, not only will consolidation not slow the progress of the Arista Action—it will also permit Razor & Tie to continue to prosecute its claims, since it cannot afford to independently conduct the required discovery.

Furthermore, even if Defendants could set forth a credible argument that they were prejudiced as a result of the consolidation of the Arista Action with the case herein, any such prejudice is outweighed by the burden and injustice of largely duplicative discovery and trials upon both parties—and the legal system. Consolidation avoids substantial duplication and unnecessary expense; now that the time is right for the Arista Action and the case herein to be consolidated, this court should take advantage of the opportunity to consolidate both actions for all purposes.

Perhaps even of greater importance, should the Court not consolidate the Arista Action and the action herein, this proceeding runs the very real risk of proceeding to trial before the Arista Action. This would be an undesirable case of the tail wagging the dog, because the Arista Action involves many more recording industry plaintiffs than the case herein, each of whom is a bigger player in that industry than Razor & Tie, and each of whom has been injured to a greater degree, and are thus entitled to larger statutory damages than Razor & Tie.

In any event, if the Arista Action and the action herein are not consolidated, there is a very real risk of inconsistent adjudications of factual and legal issues. This risk should be a particular concern when dealing with actions in which the infringement of intellectual property is at issue. See, e.g., Hilti Aktiengesellschaft v. Milwaukee Electric Tool Corp., Docket No. 04 Civ. 629, 2004 U.S. Dist. LEXIS 16373 (E.D.N.Y. July 19, 2004) (transferring patent

infringement case so that it could be consolidated with related patent infringement case because of very real risk of inconsistent judgments).

## II.    ALTERNATIVELY, THE COURT SHOULD STAY THIS ACTION UNTIL SIXTY DAYS AFTER RESOLUTION OF THE DISPOSITIVE SUMMARY JUDGMENT MOTIONS PENDING IN THE ARISTA ACTION

Should this Court determine not to consolidate the Arista Action with the action herein, it should stay this action until sixty (60) days after the resolution of the dispositive summary judgment motions that are pending in the Arista Action such that Razor & Tie may determine how to address remaining issues, if any, that are distinct from the Arista Action. This stay should stay all deadlines in the instant case, including the upcoming deadline for plaintiff's submission of expert reports.

A federal district court has the broad inherent power to grant a stay of the proceedings before it to efficiently manage its docket. See Landis v. North American Co., 299 U.S. 248, 254, 57 S. Ct. 163, 165-166 (1936); Curtis v. Citibank, N.A., 226 F.3d 133, 137 (2d Cir. 2000). Courts in the Second Circuit generally focus on the following five factors when deciding whether to grant a stay due to the pendency of a related action: (1) the private interests of the plaintiff in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. GTFM, Inc. v. Park, Docket No. 02-7020, 2002 U.S. Dist. LEXIS 24793, at *5 (S.D.N.Y. Dec. 27, 2002); Kappel v. Comfort, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996); Am. S.S. Owners Mut. Prot. & Indem. Ass'n v. Lafarge N. Am., Inc., 474 F. Supp. 2d 474 (S.D.N.Y. 2007).

In this case, the balance weighs strongly in favor of a stay of the instant proceeding. Because dispositive summary judgment motions are pending in the Arista Action, it makes sense

to stay the case herein pending resolution of those dispositive summary judgment motions. Furthermore, since the dispositive summary judgment motions in the Arista Action will remain pending until after both Your Honor's confirmation hearings for your nomination to the Court of Appeals, and this case's reassignment to another District Judge, any difference in timing between the case herein and the Arista Action has been obliterated.

The LimeWire defendants are also not burdened by a stay pending resolution of the dispositive summary judgment motions in the Arista Action. Rather, such a stay eliminates the present burden to them of duplicative discovery—including duplicative expert reports—in both proceedings.

As discussed in greater detail in Part I, above, the interests of the courts is strongly in favor of a stay of the instant proceeding. Similar to a consolidation, a stay will produce efficiency and greatly reduced expense for all parties, as well as a fairer, more rational, and even-handed delivery of justice that avoids the problem of inconsistent adjudications.

Thus, this Court should exercise its discretion and stay this action until sixty (60) days after the resolution of the dispositive summary judgment motions that are pending in the Arista Action such that Razor & Tie may determine how to address remaining issues, if any, that are distinct from the Arista Action. This stay should stay all deadlines in the instant case, including the upcoming deadline for plaintiff's submission of expert reports.

III.    **THE COURT SHOULD ADJOURN PLAINTIFFS' DEADLINE FOR THE SUBMISSION OF EXPERT REPORTS, AND ALL OTHER DEADLINES, PENDING DETERMINATION OF THIS MOTION, AND AT A MINIMUM, AS ALTERNATIVE RELIEF, ADJOURN PLAINTIFFS' DEADLINE FOR SUBMISSION OF EXPERT REPORTS FOR SIXTY DAYS AFTER DISPOSITION OF THIS MOTION, AND SIMILARLY ADJOURN ALL OTHER DEADLINES**

This Court should adjourn Razor & Tie's deadline for the submission of its expert reports (which currently are due on August 1, 2009), and all other deadlines, pending the Court's determination of this motion. This Court should also grant alternative relief adjourning Razor & Tie's deadline for the submission of its expert reports for sixty (60) days after disposition of this motion, and similarly adjourn all other deadlines.

Such an adjournment permits Razor & Tie to further pursue pending settlement discussions without the fear of potentially missing a deadline. In addition, such an adjournment makes it more likely that a decision will be issued on the dispositive summary judgment motions in the Arista Action before the submission of Plaintiffs' expert reports. This would allow Razor & Tie to make a more educated decision with regard to incurring the great time and expense of expert reports.

## **CONCLUSION**

For all of the foregoing reasons, it is respectfully submitted that the instant Motion be, in all respects, granted, with such and other further relief as the Court deems just and proper.

Dated: July 24, 2009
      New York, New York

                Troutman Sanders LLP

                By:                           
                      Sharon H. Stern
                      Christina H. Bost Seaton
                      The Chrysler Building
                      405 Lexington Avenue
                      New York, New York 10174
                      (212) 704-6000
                      (212) 704-6288